**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AN PHAN, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>AGODA COMPANY PTE. LTD., a Singapore Private Limited Liability Company,<br><br>    Defendant-Appellee. | No. 19-15015<br><br>D.C. No. 5:16-cv-07243-BLF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted March 5, 2020**
San Francisco, California

Before: WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

An Phan appeals the district court's grant of summary judgment in favor of

Agoda Company Pte. Ltd., in a putative class action Phan brought under the

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b). Phan claimed that Agoda sent automated commercial text messages containing advertising or telemarketing to his cellular phone without his prior express written consent in violation of the TCPA. Phan had made reservations through the online travel agency when he received text messages stating, "Good news! Your Agoda booking [number] is confirmed. Manage your booking with our free app http://app-agoda.com/GetTheApp." Reviewing the district court's grant of summary judgment de novo, we affirm. *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

Approaching the matter "with a measure of common sense," *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012), the text messages in question do not constitute "advertising" within the meaning of the TCPA. "Advertisement" is defined by regulation as "any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1). Messages that "facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements." *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 (2006). By booking travel arrangements through Agoda's website, Phan agreed to enter a commercial transaction with Agoda. A text message confirming that transaction is not advertising.

Phan argues that by including a link to download the app, Agoda was advertising its app as one of its products. Considering the context and content of the text messages, we do not find that contention persuasive. As the district court recognized, and as many apps are, Agoda's app is functionally the same as its website. Agoda customers could use either Agoda's website or the app to manage existing reservations, just as the messages informed Phan. Because the messages' references to the app indicate a purpose to facilitate a commercial transaction—to manage existing bookings—they do not "demonstrate a prohibited advertising purpose." *See Chesbro*, 705 F.3d at 918.

Further, Agoda's messages do not mirror the "dual purpose" calls the FCC has characterized as unsolicited advertisements. *See In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14098 (2003) (describing dual purpose communications as those which "may inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services," like "calls from mortgage brokers to their clients notifying them of lower interest rates" or "calls from phone companies to customers regarding new calling plans"). The texts at issue here did not reference any other good or service Agoda offered.

Nor do the text messages constitute "telemarketing" because they do not evince a "purpose of encouraging the purchase or rental of, or investment in,

property, goods, or services." 47 C.F.R. § 64.1200(f)(12). The messages contain no content encouraging the purchase of any of Agoda's services; they simply confirmed a transaction Phan agreed to enter with Agoda. Accordingly, Agoda was not required to obtain Phan's express written consent prior to sending the messages at issue.

**AFFIRMED.**